**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **KEVIN IRVIN SHORT, # 299-855,** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. RWT-13-3874 |
| | * | |
| **BOBBY P. SHEARIN,** *et al.*, | * | |
| | * | |
| Respondents. | * | |
| | * | |

**MEMORANDUM OPINION AND ORDER**

On December 20, 2013, Kevin Irvin Short, a state inmate, filed this self-represented

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the computation of

his sentence and revocation of a number of diminution of confinement credits.  ECF No. 1.  On

March 7, 2014, Respondents Bobby P. Shearin and the Attorney General of Maryland answered

the Petition and moved to dismiss it on the basis that Short both failed to raise any issue

cognizable under federal habeas corpus and failed to fully exhaust his state's administrative and

judicial remedies.  Mot. Dismiss ¶¶ 13–14, ECF No. 6.  On March 21, 2014, Short replied.

ECF No. 8.

**Background**

On February 1, 2001, Short was convicted of carjacking in the Circuit Court for Charles

County and was sentenced to an eighteen-year term of incarceration, set to commence on

April 10, 2000.  Mot. Dismiss Ex. 1.  On June 18, 2001, the Circuit Court for Charles County

sentenced Short to a life term of imprisonment for first degree rape with all but thirty years

suspended, set to commence on June 8, 2001.  *Id*. at Ex. 2.  On June 6, 2006, the Circuit Court

for Anne Arundel County sentenced Short to a five-year sentence for assault on a correctional

employee, set to run consecutive with the other sentences Short was then serving. *Id*. at Ex. 3.

Respondents indicate that Short's maximum expiration date for his term of confinement is

June 8, 2036. *Id*. at Ex. 4.

Maryland inmates may earn diminution of confinement credits that reduce the length of

their incarceration by one day for each credit earned, including good conduct credits, industrial

credits, educational credits, and special project credits. Md. Code Ann., Corr. Servs. §§ 3-704–

3-707. Good conduct credits are deducted "in advance from the inmate's term of confinement."

*Id*. § 3-704(a). The other credits are awarded monthly as the inmate earns them. *Id*. §§ 3-705–

3--707. Records indicate that Short has earned 300 good conduct credits, 83 special project

credits, 409 industrial credits, and 32 education credits under §§ 3-705–3-707, and 48 good

conduct credits under §§ 11-503–11-506 for time spent in the custody of a local correctional

facility. Mot. Dismiss Ex. 5. Short has forfeited 1,821 good conduct credits and 109 special

project credits under § 3-709 for committing violations of the Division of Corrections's

disciplinary rules. *Id.*  In order to calculate Short's mandatory supervision release date,

Respondents subtract his total diminution credits (872) from his maximum expiration date

(June 8, 2036), to determine that his anticipated mandatory release date is January 18, 2034.

## Analysis

Sentence and diminution credit calculation disputes are generally issues of state law and

do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)

(holding that "federal habeas corpus relief does not lie for errors of state law"). Violation of a

state law, which does not infringe upon a specific constitutional right, is cognizable in federal

habeas corpus proceedings only if it "constituted 'a fundamental defect which inherently results

in a complete miscarriage of justice,' or 'exceptional circumstances where the need for the

remedy afforded by the writ of habeas corpus is apparent.'" *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998) (finding that where a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review"). A dispute over diminution credits generally does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197–98 (5th Cir. 1976) ("The length of the sentence of a convicted criminal under state law is, without more, not a matter of federal constitutional concern and hence not a matter cognizable under federal habeas corpus.").

Even if Short had presented a federal question, however, his § 2241 Petition is still subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity as "a proper respect for state functions." *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973) (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Before seeking federal habeas corpus relief, Short must fully pursue and exhaust each claim in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Exhaustion requires that both the operative facts and controlling legal principles be presented to the state courts, and includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000); *Granberry v. Greer*, 481 U.S. 129, 134–35 (1987).

The appropriate procedure for challenging the calculation of a term of confinement in the State of Maryland includes both administrative and judicial remedies.  First, Short may file a grievance with the Inmate Grievance Office ("IGO").  Md. Code Ann., Corr. Servs. § 10-206(a).  If the grievance is not found "wholly lacking in merit on its face," it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id*. § 10-207(c).  An order of the OAH finding that an inmate's complaint is "wholly lacking in merit" constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review.  *Id.* § 10-209(b)(1).  However, if the OAH finds that an inmate's complaint is "wholly or partly meritorious," it forwards a proposed order to the Secretary.  *Id.* § 10-209(b)(2).  The Secretary may affirm, reverse, or modify the order of the OAH.  *Id.* § 10-209(c)(1)–(2).

Second, Short may appeal the Secretary's decision "in the [state] circuit court of the county in which the complainant is confined." *Id*. § 10-210(b)(2).  Third, Short may seek review of any state circuit court decision by application to the Maryland Court of Special Appeals. *Id*. § 10-210(c)(2).  Fourth, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, then Short may seek review in the Maryland Court of Appeals by petition for writ of *certiorari*.  *See Williams v. State*, 438 A.2d 1301, 1303–05 (1981) (stating the court has jurisdiction over the type of cases listed in [Md. Code Ann., Cts. & Jud. Proc.] § 12-202 to the extent that such jurisdiction is conferred by § 12-201 or other statutory provisions").

Separately, an exception to the aforementioned inmate grievance procedure exists and the state circuit "courts will entertain an inmate's petition for habeas corpus[,] when the inmate alleges entitlement to immediate release and makes a colorable claim that he or she has served

the entire sentence less any mandatory [diminution] credits." *Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997). The inmate may appeal a state circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may seek *certiorari* in the Maryland Court of Appeals. *Stouffer v. Pearson*, 887 A.2d 623 (2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004).

On December 20, 2013, when Short filed the instant Petition, Short had two other proceedings raising similar claims before the state courts: (1) an Application for Writ of Habeas Corpus in the Circuit Court for Baltimore City and (2) a petition for judicial review of the IGO decision dismissing his grievance regarding the loss of his diminution of confinement credits in the Circuit Court for Allegany County. Mot. Dismiss Ex. 6, Ex. 7. This Court may not entertain the issues presented in the Petition until the Maryland courts have had the opportunity to fully review the claims before them. Moreover, if Short were to prevail in any of the state-court proceedings, it would be wholly unnecessary for this Court to rule on his Petition.

Short does not have an absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Short has failed to demonstrate substantial showing warranting a certificate of appealability.

Accordingly, it is, this 10th day of November, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Petition for Writ of Habeas Corpus (ECF No. 1) is hereby **DENIED** without prejudice; and it is further

**ORDERED**, that a Certificate of Appealability is hereby **DENIED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close this case; and it is further

**ORDERED**, that the Clerk of this Court is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner and to Counsel for Respondents.

_____/s/_____
Roger W. Titus
United States District Judge
